IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00281-BNB

BILLY RAY SHEPARD,

    Plaintiff,

v.

THE CITY OF DENVER,
DENVER DISTRICT COURTS,
STATE OF COLORADO,
COLORADO DEPARTMENT OF CORRECTIONS, and
TIME COMPUTATION OFFICE,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Billy Ray Shepard, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arrowhead Correctional Facility in Cañon City, Colorado.  Mr. Shepard initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 seeking damages and habeas corpus relief in the nature of release from custody.  Mr. Shepard has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Shepard's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110.   However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, Mr. Shepard will be ordered to file an amended complaint.

Mr. Shepard is suing improper parties.  Regardless of the relief sought, Plaintiff may not sue the State of Colorado, Denver District Court, Colorado Department of Corrections, or its Time Computation Office.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In addition, municipalities and municipal entities such as the City and County of Denver are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694

(1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Shepard cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

As his first claim, Mr. Shepard complains that the mittimus in Denver District Court Criminal Case No. 11CR10045 erroneously stated that he was convicted on an escape from insanity commitment. He contends he actually was paroled to the Denver Rescue Mission overnight emergency homeless shelter, not to a mental hospital or medical facility. On the basis of these allegations, he claims defamation of character. As his second claim, Mr. Shepard complains that the DOC Time Computation Office failed to credit him for earned time from November 2009 through 2010 and part of 2011. He contends he is falsely imprisoned because the lost earned-time credits would have affected his statutory discharge date.

Mr. Shepard appears improperly to have combined a state-law claim (claim one) with a claim challenging the execution of his sentence (claim two). Mr. Shepard's allegations concerning his defamation-of-character claim are insufficient to establish a violation of federal law, *see, e.g.*, *Davis v. Studdert*, No. 02-4110, 2003 WL 454067, *3 (10th Cir. Feb. 25, 2003) (unpublished) and, therefore, are improperly asserted in federal court. Mr. Shepard's claim challenging the execution of his sentence properly is asserted in a separate habeas corpus action pursuant to 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Only claims challenging the

conditions of his confinement properly are asserted in the instant § 1983 action.  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).  Therefore, Mr. Shepard will be ordered to file an amended complaint that only challenges the conditions of his confinement.

The complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Mr. Shepard fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The amended complaint Mr. Shepard files must comply with Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides


that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Shepard to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  It is Mr. Shepard's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Shepard must assert personal participation by each named defendant in the amended complaint.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Shepard must name and show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Shepard may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if

Mr. Shepard uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Shepard, therefore, will be directed to file an amended complaint that sues the proper parties, only asserts claims appropriate in a § 1983 action, states his claims clearly and concisely, asserts what rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Billy Ray Shepard, file within thirty days from the date of this order an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Shepard shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), with the applicable instructions, at www.cod.uscourts.gov, and use that form to file the amended complaint.  It is

FURTHER ORDERED that if Mr. Shepard fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 16, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge